**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES NIXON, | : | Civil No. 1:25-CV-00341 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARK WAHL, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Before the court is Plaintiff James Nixon's complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff is raising claims under the Eighth and Fourteenth Amendments based on his job placement, or lack thereof, at State Correctional Institution Waymart ("SCI-Waymart").  (*Id.*)  The court will grant Plaintiff's motion to proceed *in forma pauperis*.  (Doc. 4.)  Following a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2), the court will dismiss the complaint without prejudice for failing state a claim for which relief may be granted and will grant Plaintiff leave to amend his pleading.

**BACKGROUND**

Plaintiff's complaint names three employee Defendants at SCI-Waymart: (1) Superintendent Mark Wahl ("Wahl") in his individual and official capacities; (2) Joseph Chuimento ("Chuimento"), in his individual capacity; and (3) Michael

Skutack ("Skutack"), in his individual capacity. (Doc. 1, p. 2.)[1]  The complaint alleges that following Plaintiff's transfer to SCI-Waymart from SCI-Phoenix on December 21, 2023, he informed Defendant Skutack that he was to receive a job assignment per policy DC-ADM 816. (*Id*., p. 4.)  He specifically alleges that he filed four request slips to Defendant Skutack and four request slips to Defendant Chuimento relaying the information. (*Id*.)  After informing the "Unit Team" and Defendant Chuimento about the lapse in employment and pay, he followed up "at least twice a week" with Defendant Skutack. (*Id*.)  Defendant Skutack allegedly told him that Defendant Chuimento would have to contact SCI-Phoenix to ensure the correct pay scale was used. (*Id*., pp. 4–5.)  Plaintiff alleges that he "was persistent in the follow up throughout the next several months to no avail." (*Id*., p. 5.)

Plaintiff alleges that he filed a grievance regarding the matter on July 30, 2024, and Defendant Chuimento denied the grievance on August 13, 2024. (*Id*.)  Plaintiff alleges that he filed an appeal, which was denied by Defendant Wahl. (*Id*.)  He further alleges that he then filed an appeal with the Secretary's Office of Inmate Grievance Appeals. (*Id*.)  The Appeal was denied on October 15, 2024. (*Id*.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Based on these alleged facts, Plaintiff is raising Fourteenth Amendment claims of equal protection and procedural due process violations and Eighth and Fourteenth Amendment claims under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). The court will now screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Waymart, in Wayne County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to

3

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to

relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other

grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

　　　When ruling on a motion to dismiss under Rule 12(b)(6), the court must

"accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of

the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of

Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings,

Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts

contained in the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents"

attached to a defendant's motion to dismiss if the plaintiff's claims are based upon

these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196

(3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### DISCUSSION

### A. All Claims Premised on the Denial of Grievances Will Be Dismissed With Prejudice.

All claims premised on the denial of Plaintiff's grievance will be dismissed. Plaintiff raises claims against Defendants Chuimento and Wahl premised on their denial of his grievance, which is insufficient to state a claim under Section 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United

5

States. *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

The alleged facts include a reference to Defendants Chuimento and Wahl in their roles in denying Plaintiff's grievance.  This is the only factual allegation raised against Defendant Wahl.  "Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988) (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *see also Brooks v. Beard*, No. 05-3196, 2006 WL 332547, 167 F. App'x 923, 925 (3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

Therefore, all claims premised on the denial of Plaintiff's grievances will be denied.  Since any attempts to replead similar claims would be futile, the denial will be with prejudice.

## B. All Fourteenth Amendment Claims Will Be Dismissed.

Plaintiff attempts to raise both an equal protection claim and a due process claim under the Fourteenth Amendment. (Doc. 1.) The court will address each in turn.

### 1. Equal Protection

In his equal protection claim, Plaintiff alleges he is a member of a class-of-one. (Doc. 1, p. 6.)

The Equal Protection Clause guarantees "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). For a class-of-one equal-protection claim, a plaintiff must plead that: (1) he was treated differently from others similarly situated; (2) defendants did so intentionally, and (3) there was no rational basis for the difference in treatment. *See Pearson v. Varano*, 656 Fed.Appx. 583, 584 (3d Cir. 2016)(nonprecedential)(internal citations and quotations omitted). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant respects.'" *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 273 (3d Cir. 2014)(quoting *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008)).

Based on the above case law, Plaintiff's allegations fail to support a class-of-one claim. He has not alleged that other inmates were similarly situated to him, nor has he alleged that there was no rational basis for the difference in treatment. Therefore, the claim will be denied without prejudice.

### 2. Due Process

The due process clause of the Fourteenth Amendment provides in pertinent part: "No State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1. A Fourteenth Amendment due process claim requires that a liberty interest be at stake:

> Procedural due process rights are [only] triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life*." Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more restrictive than those imposed upon other inmates in solitary confinement. *See id*. at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr*., 533 F. App'x 64, 66 (3d Cir. 2013).

Plaintiff's due process claim fails because a prisoner has no liberty or property interest in a prison job. *See Margretta v. Ferguson*, No. 1:CV-17-0037, 2017 WL 228018, *3 (M.D. Pa. Jan 19, 2017) (citing *Presbury v. Wenerowicz*, 472 Fed.Appx. 100, 101 (3d Cir. 2012)(nonprecedential)). This claim will therefore be

dismissed.  Additionally, because any amendment to Plaintiff's due process claim would be futile, the dismissal will be with prejudice.

### C. All *Monell* Claims Will Be Dismissed.

Plaintiff also appears to bring claims against all Defendants under *Monell*. (Doc. 1, pp. 3, 9–10.)

In *Monell*, the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983.  436 U.S. 658, 694.  However, Plaintiff has not named a municipality as a defendant in this action.  (Doc. 1.)  Instead, he has strictly named individuals.  Therefore, no cause of action under *Monell* exists.

To the extent Plaintiff seeks to raise a Fourteenth Amendment and an Eighth Amendment claim against the three individuals named as defendants, these claims will also not succeed.  As discussed at length above, there is no liability under the Fourteenth Amendment based on the facts as pleaded.

Furthermore, Plaintiff has failed to state an Eighth Amendment cruel and unusual punishment claim.  The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane

under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).

The alleged loss of job status does not rise to the level of depravation required to constitute an Eighth Amendment claim. Therefore, any Eighth Amendment claim will be dismissed with prejudice.

### CONCLUSION

For the reasons explained above, Plaintiff's complaint will be dismissed for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The due process and cruel and unusual punishment claims will be dismissed with prejudice. The equal protection claim will be dismissed without prejudice.

The Third Circuit has found that a self-represented plaintiff may be granted leave to file an amended complaint even when he does not seek leave to amend.

*Phillips*, 515 F.3d at 245.  Therefore, Plaintiff will be given an opportunity to file an amended complaint curing the defects in those claims dismissed without prejudice.  The amended complaint will be titled "Amended Complaint" and bear the same case number as the above caption.  Failure to timely file an amended complaint will result in the complaint being dismissed with prejudice and the case closed.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 9, 2025