IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES NIXON, | : | Civil No. 1:25-CV-00341 |
| Plaintiff, | : | |
| v. | : | |
| MARK WAHL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are Plaintiff James Nixon's amended complaint filed pursuant to 42 U.S.C. § 1983 and his motion for default judgment. (Docs. 12, 13.) Plaintiff is raising an equal protection claim under the Fourteenth Amendment based on his job placement, or lack thereof, at State Correctional Institution Waymart ("SCI-Waymart"). (*Id.*) Following a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2), the court will dismiss the complaint with prejudice for failing state a claim for which relief may be granted, deny the pending motion for default judgment as moot, and close the case.

## BACKGROUND

Plaintiff initiated this action by filing a complaint, which was received and docketed by the court on February 26, 2025, bringing multiple claims under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a motion to proceed in this action *in forma pauperis*. (Doc. 4.) On June 9, 2025, the court granted Plaintiff's motion to

1

proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Docs. 10, 11.) The court dismissed all claims in the complaint with prejudice except Plaintiff's equal protection claim, which was dismissed without prejudice. (Doc. 10.) The court granted Plaintiff leave to file an amended complaint. (Doc. 11.)

The court received and docketed an amended complaint on July 14, 2025. Plaintiff's amended complaint names three employee Defendants at SCI-Waymart: (1) Superintendent Mark Wahl ("Wahl") in his individual and official capacities; (2) Joseph Chuimento ("Chuimento"), in his individual capacity; and (3) Michael Skutack ("Skutack"), in his individual capacity. (Doc. 12, p. 2.)[1] The complaint alleges that following Plaintiff's transfer to SCI-Waymart from SCI-Phoenix on December 21, 2023, he informed Defendant Skutack that he was to receive a job assignment per policy DC-ADM 816. (*Id.*, pp. 3–4.) He specifically alleges that he filed four request slips to Defendant Skutack and four request slips to Defendant Chuimento relaying the information. (*Id.*, p. 4.) After informing the "Unit Team" and Defendant Chuimento about the lapse in employment and pay, he followed up "at least twice a week" with Defendant Skutack. (*Id.*) Defendant Skutack allegedly told him that Defendant Chuimento would have to contact SCI-Phoenix to ensure the correct pay scale was used. (*Id.*) Plaintiff alleges that he "was

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

2

persistent in the follow up throughout the next several months to no avail." (*Id*.) Plaintiff alleges that he filed a grievance regarding the matter on July 30, 2024, and Defendant Chuimento denied the grievance on August 13, 2024. (*Id*.) Plaintiff alleges that he filed an appeal, which was denied by Defendant Wahl. (*Id*.) He further alleges that he then filed an appeal with the Secretary's Office of Inmate Grievance Appeals. (*Id*.) The Appeal was denied on October 15, 2024. (*Id*.) Based on these alleged facts, Plaintiff is raising an equal protection claim under the Fourteenth Amendment. (*Id*., pp. 5–7.)

Plaintiff filed a motion for default judgment, which was received and docketed by the court on October 6, 2025. (Doc. 13.) The court will now screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and address the pending motion for default judgment.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Waymart, in Wayne County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

In his equal protection claim, Plaintiff alleges he is a member of a class-of-one. (Doc. 12, p. 5.) The Equal Protection Clause guarantees "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). For a class-of-one equal-protection claim, a plaintiff must plead that: (1) he was treated differently from others similarly situated; (2) defendants did so intentionally; and (3) there was no rational basis for the difference in treatment. *See Pearson v. Varano*, 656 Fed. Appx. 583, 584 (3d Cir. 2016) (nonprecedential) (internal citations and quotations omitted). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant respects.'" *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 273 (3d Cir. 2014) (quoting *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008)).

Based on the above case law, Plaintiff's allegations in the amended complaint fail to support a class-of-one claim. He has generally alleged that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for this difference in treatment." (Doc. 12, pp. 5–6.) However, these are legal conclusions and not factual allegations. Nowhere in the complaint does Plaintiff raise facts that support a class-of-one claim. Therefore, the claim will be denied. Considering Plaintiff's prior equal protection claim was dismissed for the same reason, Doc. 10, p. 8, and Plaintiff has not cured the pleading defect in the amended complaint, the court finds leave for further amended pleadings to be futile. The equal protection claim will be dismissed with prejudice.

Considering the amended complaint will be dismissed with prejudice, Plaintiff's motion for default judgment will be denied as moot.

## CONCLUSION

For the reasons explained above, Plaintiff's amended complaint will be dismissed with prejudice for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  The pending motion for default judgment will be denied as moot.  The Clerk of the Court will be directed to close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: November 3, 2025